**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MICHELLE RENEE MAYO,**

      **Plaintiff,**

**vs.**                              **Case No. 4:14cv248-RH/CAS**

**CAROLYN COLVIN, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on May 21, 2014, by filing a

complaint, doc. 1, and a motion for in forma pauperis status, doc. 2, supported by an

affidavit of financial status.  Plaintiff resides in Live Oak, Florida, doc. 2 at 2, and seeks

to appeal an unfavorable decision of the Social Security Administration denying her

benefits under Title II.  Doc. 1.  The decision was issued by the Office of Disability

Adjudication and Review in Jacksonville, Florida, on January 4, 2013.  Doc. 1 at 3, 15.

The Appeals Counsel denied Plaintiff's request for review on April 24, 2014.  *Id.* at 21.

Because Plaintiff resides in Live Oak, Florida, which is located in Suwannee

County, this case cannot proceed in the Northern District of Florida.  Venue is

appropriate, however, in the Middle District of Florida.  The relevant statute, 42 U.S.C.

§ 405(g), provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.  Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g).  Because social security appeals must be brought within sixty days,

it is more appropriate to transfer this case rather than dismiss it for improper venue.

Pursuant to 28 U.S.C. § 1406(a), this case should be transferred to the United States

District Court, Middle District of Florida, Jacksonville Division, for all further proceedings,

including review of Plaintiff's in forma pauperis motion, doc. 2.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's appeal

of the decision denying her social security disability benefits, doc. 1, be

**TRANSFERRED** to the United States District Court, Middle District of Florida,

Jacksonville Division, for all further proceedings pursuant to 42 U.S.C. § 405(g) and 28

U.S.C. § 1406(a).

**IN CHAMBERS** at Tallahassee, Florida, on May 27, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

   **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**